UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MONTEL WILLIAMS, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Case No. 2:25-cv-00108-GSL-APR <br> ) |
| LLOYD ARNOLD, in his official capacity as Commissioner of the Indiana Department of Correction, | ) <br> ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

**Answer, Affirmative Defenses, and Demand for Jury**

Defendant, Lloyd Arnold in his official capacity as Commissioner of the Indiana Department of Correction, by counsel, Thomas S. Pratt, for an answer to Plaintiff's complaint (ECF 4) submit the following:

**Answer**

Defendants answer as follows:

*Parties*

1. Plaintiff, Montel Williams is an adult resident of the County of Lake, State of Indiana.

**Answer to 1.** Defendant admits.

2. Defendant Lloyd Arnold is the Commissioner of the Indiana Department of Corrections.

**Answer to 2.** Defendant admits.

*Background*

3. On January 9, 2013, Mr. Williams plead to Count 3, a violation of 18 U.S.C. § 2421, Transporting an Individual in Interstate Commerce with Intent to Engage in Prostitution in the Northern District of Indiana under Cause Number 2:12-CR-144. (Plea Agreement Attached Hereto as Exhibit "A").

**Answer to 3.** Defendant admits.

4. On July 19, 2013, Mr. Williams was sentenced to the statutory maximum of 120 months in the Federal Bureau of Prisons with eight (8) years of supervised release upon release from custody. (Sentencing Order Attached Hereto as Exhibit "B").

**Answer to 4.** Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments.

5. Mr. Williams appealed two of his conditions of supervised release which the 7th Circuit Court of Appeals remanded to the district court for reconsideration of the challenged conditions. (Order Attached Hereto as Exhibit "C").

**Answer to 5.** Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments.

6. On August 30, 2016, Mr. Williams was resentenced to the maximum of 120 months in the Federal Bureau of Prisons; however, this time he was sentenced to a lifetime supervised release. (Sentencing Order attached Hereto as Exhibit "D").

**Answer to 6.** Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments.

7. As a mandatory condition of supervised release, the district court ordered for him to comply with the requirements of Sex Offender Registration and Notification Act "SORNA" (42 U.S.C. § 16911, et. seq.) (Exhibit "D").

**Answer to 7.** Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments

8. Mr. Williams was released from custody in June 2020.

**Answer to 8.** Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments.

9. Upon his release, Mr. Williams was ordered to register as a sex offender in Indiana pursuant to the condition of his supervised release.

**Answer to 9.** Defendant admits only that Plaintiff incurred an obligation to register as a sex offender in Indiana but denies all else as written.

10. Mr. Williams filed a Motion to Modify the duration and conditions of his supervised release.

**Answer to 10.** Defendant admits.

11. On August 30, 2024, the district court removed the condition that he be required to comply with SORNA. (Order attached hereto as Exhibit "E").

**Answer to 11.** Defendant admits.

12. Without the specific supervised release condition that Mr. Williams comply with SORNA, SORNA does not apply to his case.

**Answer to 12.** Defendant admits.

13. 34 U.S.C. § 20911(5)(A) states in pertinent part: "Generally except as limited by subparagraph (B) or (C), the term 'sex offense' means... " Subparagraph (C) states: "An offense involving consensual sexual conduct is not a sex offense for the purposes of this subchapter if the victim was an adult, unless the adult was under the custodial authority of the offender at the time of the offense, or if the victim was at least 13 years old and the offender was not more than 4 years older than the victim."

**Answer to 13.** This is not an assertion of fact or an allegation that requires a response. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief and denies that Plaintiff falls within the exception to a registrable sex offense.

14. The Department of Justice has an office that is dedicated to SORNA. Said Office is Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking (SMART). SMART has a website where they provide up to date information and resources to understand SORNA and when it applies. According to SMART, the Specified Federal Offenses that are sex offenses under SORNA includes 18 U.S.C. § 2421 (Transportation of a Minor for Illegal Sexual Activity).

**Answer to 14.** This is not an assertion of fact or an allegation that requires a response. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief and denies that Plaintiff falls within the exception to a registrable sex offense.

15. Additionally, SMART addresses the exception under (5)(C) and states: "SORNA does **not** require registration in the following situations: 1) if both participants are adults, and neither is under the custodial authority of the other (e.g., inmate/prison guard) and the conduct was consensual, then this conduct does not constitute a registrable sex offense for purposes of the Adam Walsh Act." (See Attached printout from SMART Attached hereto as Exhibit "F").

**Answer to 15.** This is not an assertion of fact or an allegation that requires a response. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief and denies that Plaintiff falls within the exception to a registrable sex offense.

16. In the present case, there were no facts that were proven by the Government or admitted to by Mr. Williams that would indicate the sexual conduct was anything but consensual. Additionally, no minors were involved.

**Answer to 16.** Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments.

17. Mr. Williams was not convicted of a sex offense and does not have any condition of supervised release that he comply with SORNA. Therefore, he should no longer have to register with the State of Indiana

**Answer to 17.** Defendant denies.

18. SORNA applies to a violation of 18 U.S.C. § 2421 only if the victim is a minor.

**Answer to 18.** Defendant denies.

19. The victims involved in all counts of the superseding indictment Mr. Williams faced were not minors.

**Answer to 19.** Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments.

20. At the time of sentencing, the Federal Probation agreed that SORNA did not apply to Mr. Williams. Said position was based upon independent research done by the probation officer and consulting with the local sex offender registry. (See Addendum to PSR ,-i 5(C) attached hereto as Exhibit "F").

**Answer to 20.** Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments.

21. Additionally, the Federal Government appeared to concede in its sentencing memorandum that Mr. Williams would not be required to register as a sex offender. (See Sentencing Memorandum PP 3, 15 attached hereto as Exhibit "G").

**Answer to 21.** Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments.

Regarding Plaintiff's prayer for relief, Defendant denies that Plaintiff is entitled to any relief and he must register as a sex offender in Indiana.

**Affirmative Defenses**

1. Plaintiff has failed to state a claim for which relief can be granted.

2. Defendants are entitled to their costs, including reasonable attorney fees.

Defendants reserve the right to raise additional defenses or amend their Answer as justice may require.

**WHEREFORE**, Defendant prays that Plaintiff take nothing by way of his Complaint, that judgment be entered in Defendant's favor, and for all other just and proper relief.

Respectfully submitted,

THEODORE E. ROKITA
Indiana Attorney General
Attorney No. 18857-49

Date: May 9, 2025

By: Thomas S. Pratt
Deputy Attorney General
Attorney No. 36933-18

OFFICE OF ATTORNEY GENERAL TODD ROKITA
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Telephone: (317)232-0493
Facsimile: (317)232-7979
E-mail: Thomas.Pratt@atg.in.gov