# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) No. 2:12-CR-144 |
| MONTELL WILLIAMS | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE**

Comes now, Defendant Montell Williams, by Counsel Russell W. Brown, Jr. of The Region Lawyers, Inc. and pursuant to 18 U.S.C. § 3583(c) and Rule 32.1(c) of the Federal Rules of Criminal Procedure files this Motion to Modify Conditions of Supervised Release and in support thereof, states the following:

1. On January 9, 2013, Mr. Williams plead guilty to Count 3, a violation of 18 U.S.C. § 2421, Transporting an Individual in Interstate Commerce with Intent to Engage in Prostitution. [DE 40, 43]

2. On July 19, 2013, Mr. Williams was sentenced to the statutory maximum of 120 months to the Bureau of Prisons, with eight (8) years of supervised release upon release from custody. [DE 64]

3. Mr. Williams filed a Notice of Appeal, challenging two of the conditions of supervised release. [DE 68]

4. The Seventh Circuit Court of Appeals remanded this matter back to this Court for reconsideration of the challenged conditions of supervised release. [DE 81]

Def.'s Exhibit E: 1 of 3

5. On August 30, 2016, Mr. Williams was resentenced to the statutory maximum of 120 months in the Bureau of Prisons. However, this time he was sentenced to lifetime supervised release upon his release from prison. [DE 120]

6. As a mandatory condition of supervised release, the district court ordered for him to comply with the requirements of Sex Offender Registration and Notification Act "SORNA" (42 U.S.C. § 16911, et. seq). [DE 120]

7. Mr. Williams again filed a Notice of Appeal on September 6, 2016. [DE 122]

8. Said appeal was dismissed on April 3, 2017. [DE 133]

9. Mr. Williams was released from custody in June 2020.

10. SORNA applies to a violation of 18 U.S.C. § 2421 only if the victim is a minor.

11. The victims involved in all counts of the superseding indictment, including the victim in Count 3, were not minors.

12. At the time of Mr. Williams's second sentencing, Probation agreed that SORNA did not apply to Mr. Williams. [DE 111 at ¶ 5(C)]. Probation's position was based upon independent research done by the probation officer and consulting with the local sex offender registry. [DE 111 at ¶ 5(C)].

13. Additionally, the Government appeared to concede in its sentencing memorandum, that Mr. Williams would not be required to register as a sex offender. [DE 118 Pp. 3,15].

Def.'s Exhibit E: 2 of 3

14. As such, Mr. Williams requests that this Court grant this Motion, modify the terms of his supervised release by removing the condition that he comply with the requirements of SORNA.

15. Additionally, Mr. Williams has been on supervised release for approximately two years. He has not had any violations.

16. Mr. Williams requests that his lifetime term of supervised released be modified to five (5) years.

WHEREFORE, the Defendant, by Counsel, prays that this Court grant his Motion, modify the terms of his supervised release by removing the condition that he comply with the requirements of SORNA, reducing the period of supervised release to five (5) years, and for all other just and proper relief.

Respectfully submitted,

s/ Russell W. Brown, Jr.
Russell W. Brown, Jr. #29628-64
9223 Broadway, Ste E
Merrillville, IN 46410
(219) 750-9380
rbrown@theregionlawyers.com

CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2022, I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record in this matter, all of whom are CM/ECF participants.

s/ Russell W. Brown, Jr.
Russell W. Brown, Jr.

Def.'s Exhibit E: 3 of 3