UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:12 CR 144 |
| | ) | |
| MONTELL WILLIAMS | ) | |

**OPINION and ORDER**

This matter is before the court on defendant Montell Williams's motion to modify the duration and conditions of his term of supervised release. (DE # 142.) For the reasons set forth below, the motion is granted, in part, and denied, in part.

**I.   BACKGROUND**

In 2013, defendant pleaded guilty to transporting an individual in interstate commerce with intent to engage in prostitution in violation of the Mann Act, 18 U.S.C. § 2421. (DE ## 20, 43.) The Honorable Judge Rudy Lozano sentenced defendant to the statutory maximum term of 120 months imprisonment, plus eight years supervised release. (DE # 64.) As a condition of supervised release, Judge Lozano required that defendant comply with the requirements of the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16911, *et seq.* (*Id.*)

On appeal, the Seventh Circuit remanded for further explanation regarding two conditions of supervision unrelated to the SORNA issue. (DE # 81.) At resentencing, Judge Lozano sentenced defendant to 120 months imprisonment, plus a lifetime term of supervised release. (DE ## 120, 128.) The condition related to SORNA was again imposed. (*Id.*)

Def.'s Exhibit F: 1 of 8

Defendant completed his term of incarceration, and has served approximately three-and-a-half years of his term of supervised release without any violations. (*See* DE # 148 at 1.) He now asks the court to: (1) strike the supervised release condition requiring compliance with SORNA; and (2) reduce his term of supervision from lifetime to five years. (DE # 142.)

## II. LEGAL STANDARD

A court may modify the conditions of supervised release at any time prior to the expiration of the term, after consideration of relevant Section 3553(a) factors such as the nature and circumstances of the offense, the history and characteristics of the defendant, the need to afford adequate deterrence, and the interests of protecting the public. 18 U.S.C. § 3583(e). A hearing is not required on the present motion because the modifications sought are favorable to the defendant and do not extend the term of supervised release. Fed. R. Crim. P. 32.1(c).

## III. DISCUSSION

SORNA is a federal statute which was originally enacted to "protect the public from sex offenders and offenders against children." 34 U.S.C. § 20901. It "establishes a comprehensive national system for the registration of those offenders," and requires offenders to register in each jurisdiction (generally, a state such as Indiana) where he or she resides, works, or is a student. *Id.* § 20913. It is a federal crime to fail to register as a sex offender, 18 U.S.C. § 2250, but defendant has not been charged with that crime in this case.

Def.'s Exhibit F: 2 of 8

When defendant first moved for the court to strike the SORNA condition, he based his request on the premise that SORNA does not apply to him. (DE # 142.) Specifically, defendant pointed out that SORNA contains a consensual sexual conduct exception to its definition of "sex offender." (*Id.*) However, defendant has clarified that he does not seek a determination of whether SORNA's requirements apply to him. (DE # 156 at 3-4.) Rather, defendant simply asks the court to strike the requirement of compliance with SORNA from the list of conditions related to his lifetime term of supervised release. (*Id.*)

The issue of SORNA has been raised in this case on various occasions. Historically, the position of both the Government and the Probation Department was that defendant would not be required to register as a sex offender as a result of his conviction in this case.[1] (*See, e.g.,* DE # 111 at 6; DE # 118 at 3, 15.) Oddly, however, defendant's plea agreement lists compliance with SORNA as a condition of supervised release. (DE # 40 at 5.) The SORNA condition was imposed during defendant's original sentencing (Sent. Tr. at 25), and defendant did not challenge the issue on appeal.

During the resentencing hearing, defense counsel Micheal Bosch argued that there was no legal basis for a SORNA condition, and directed the court's attention to the Probation Department's statement on the matter, which appeared in the Addendum

---

[1] The Government and Probation Department have since changed course and argue that defendant *is* likely subject to the requirements of SORNA. (*See, e.g.,* DE ## 148, 149.) Regardless, as explained herein, the court need not make this determination today.

3

to the Presentence Report. (Resent. Tr. at 11.) In that Addendum, Probation Officer David Beier stated:

> Probation does not believe the defendant is required to register under SORNA. This opinion is based on my review of SORNA and discussions with personnel from the Lake County Sex Offender Registry. Prior to the original sentencing in 2013, Probation was of the same opinion.

(DE # 111 at 6.) The Government, represented by Assistant United States Attorney Jill Koster, responded to Bosch's argument with the following:

> Judge, I think legally, based on my review of the case law and the statutes, that that is true based on his count of conviction. The Defendant did agree to register as a sex offender in his plea, and I think that sex offender registration is clearly appropriate in this case given his criminal conduct; but unfortunately, I don't think the law provides a clear mechanism to hold him accountable under SORNA. So in lieu of him being required to register as a sex offender, the Government is arguing that he should receive a lifetime term of supervised release following his release from incarceration because he is clearly a dangerous individual and poses a significant risk of danger to, in particular, young women.

(Resent. Tr. at 11-12.)

Judge Lozano then stated that he had been in contact with the Indiana Department of Corrections Sex and Violent Offender Registration Department. (*Id.*) The Department, Judge Lozano said, indicated that defendant *would be* required register as a sex offender upon release. (*Id.* at 12.) Counsel for the Government stated that "my legal research and Probation's legal research netted a different conclusion [than the Department's]," and urged the court not to impose the condition: "[T]he Government persists in asking the Court to impose a lifetime term of supervised release. . . .

4

[A]lthough the court has one opinion, it is not crystal clear that he is going to be legally required to register as a sex offender." (*Id.* at 15.)

Judge Lozano did not ultimately conclude that defendant was (or was not) subject to the requirements of SORNA. However, he did impose the SORNA condition tentatively and with the understanding that the matter would be revisited after defendant's release. Specifically, Judge Lozano stated: "The court is going to order that he register; however, at the time of his release, the [Indiana] Registry may make a final decision as to whether Defendant is required to register on the indictment, judgment, or committal order, other relevant conduct. In other words, right now I'm basing it on what they told me. That's liable to change at any time." (Resent. Tr. at 12.)

Judge Lozano was fully aware of the lack of clarity around the issue of SORNA in this case, hence the provisional ruling. As the undersigned reviews the matter today, it must acknowledge that the current record does not contain evidence that non-consensual sex occurred in connection with defendant's criminal conduct, as defendant points out. Thus, the court would be inclined to find that defendant is not subject to the requirements of SORNA, as was advocated by all parties involved – the defendant, the Government, and the Probation Department– during resentencing. The court need not issue such a ruling, however, because defendant is not requesting it. (DE # 156 at 3-4.)

Nonetheless, the court finds that striking the SORNA condition in this case and at this time is appropriate, because to impose it would be a greater deprivation of liberty than is reasonably necessary to achieve the goal of deterrence, incapacitation,

5

and rehabilitation. *See United States v. Cruz-Rivera,* 74 F.4th 503, 510 (7th Cir. 2023); 18 U.S.C. § 3583(d)(2). As the court explains in more detail below, a lifetime term of supervised release will continue to apply to defendant for the time being. This lifetime term requires that, amongst other things, defendant comply with various reporting and visitation requirements, maintain lawful employment, submit to drug testing, and participate in programming related to the issues of mental health and domestic violence. (DE # 120.) A lifetime term of supervision with such conditions adequately promotes the goals of deterrence, incapacitation, and rehabilitation. Removing the tether linking the legally-murky issue of SORNA registration to defendant's term of supervised release is appropriate in light of the extraordinary length of supervision and the remaining conditions.

It is important to note that the court's decision to eliminate SORNA compliance as a condition of defendant's supervised release does not effect the independent operation of the SORNA statute itself. SORNA still requires a sex offender to register as such, and a sex offender may still be prosecuted for failure to register under 18 U.S.C. § 2250, whether or not a court has imposed registration as a condition of supervision. A conviction under this statute carries a possible penalty of ten years imprisonment. *Id.* The court strongly urges defendant to consider these facts if the relevant State authorities have informed defendant (or inform him in the future) that he is subject to registration in a jurisdiction.

As the court already briefly noted, defendant's request to reduce his lifetime term of supervision to five years is denied. The court has considered defendant's argument that he has completed three-and-a-half years of supervision without incident. This is a commendable achievement. The court is also aware of the fact that defendant's criminal activity did not involve children. However, the court has a responsibility to protect adult members of society as well (including, in this case, young women), from individuals with a proven track record of abuse and trafficking for their own gain. The court is also cognizant of defendant's relatively young age (44) and his crime of conviction (human trafficking with intent to engage in prostitution), and how easily defendant could fall back into a lifestyle involving the same crimes. As Judge Lozano articulated when he imposed the lifetime term of supervision during resentencing, "it's easy money . . . she does all the work and you get all the money, that's easy to become habit forming." (Resent. Tr. at 49.) Though further progress and law-abiding behavior may change the court's assessment in the future, the nature of defendant's crime of conviction and the risk of defendant's recidivism is too great at this time to justify any reduction in the duration of supervision.

## IV.   CONCLUSION

For the foregoing reasons, defendant's motion to modify the duration and conditions of supervised release (DE # 142) is **GRANTED, in part, and DENIED, in part.** The court **STRIKES** the condition of supervision related to compliance with the requirements of the Sex Offender Registration and Notification Act, but defendant

7

remains on a lifetime term of supervised release. Defendant's related motion to supplement the record is **GRANTED** (DE # 156), and the motion for hearing is **DENIED** (DE # 151).

**SO ORDERED.**

Date: August 30, 2024

          s/James T. Moody
          JUDGE JAMES T. MOODY
          UNITED STATES DISTRICT COURT