UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MONTELL WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 2:25-cv-00108-GSL-APR |
| | ) |
| LLOYD ARNOLD, in his official capacity as | ) |
| Commissioner of the Indiana Department of Corrections | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR JUDGMENT ON THE EVIDENCE**

**Background**

Plaintiff accepts the procedural and factual assertions laid out by the Defendant in his Memorandum in Support of Motion for Judgment on the Pleadings under the headings "Background" and "The Complaint." [DE 15 Pp 1-4]. Additionally, the Plaintiff agrees that his Complaint is purely a question of law. However, since the Defendant attached exhibits to his Motion [DE 14] and asked the Court to take judicial notice of the same, the Defendant's Motion should be converted to a Motion for Summary Judgement pursuant to Rule 56 of the Federal Rules of Civil Procedure. *Federated Mutual Ins. Co. v. Coyle Mechanical Supply Inc.*, 983 F.3d 307, 314 (7th Cir. 2020) ("A district court has discretion as to whether to convert a motion for judgment on the pleadings into a motion for summary judgment. If, however, the court chooses to consider materials outside the pleadings, the discretion ends, and the court 'must' treat the motion as one for summary judgment."(internal citations omitted)). Plaintiff is entitled to judgment as a matter of law and requests that the Court grant summary judgment in favor of Plaintiff.

**Argument**

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As stated above, the parties essentially stipulate to the material facts; however, based upon argument below, Plaintiff is entitled to judgment as a matter of law.

**A. Mr. Williams is not a Sex Offender under SORNA**

The gravamen of Mr. Williams' complaint is whether his conviction for transporting an individual in interstate commerce with intent to engage in prostitution in violation of 18 U.S.C. § 2421 is a sex offense under 34 U.S.C. § 20911 (commonly referred to as SORNA). This requires the Court to engage in statutory interpretation. In interpreting a statute the court begins with the text of the statute and reads it "as a whole rather than a as serious of unrelated and isolated provisions." *Consumer Financial Protection Bureau v. Townstone Financial, Inc.*, 107 F.4th 768, 776 (7th Cir. 2024). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.,* 519 U.S. 337, 341 (1997).

In enacting 34 U.S.C. § 20911, Congress left no ambiguity. The statute reads in pertinent part as follows:

In this **subchapter** the following definitions apply:

(1) Sex offender

   The term "sex offender" means an individual who was convicted of a sex offense.

   …[1]

(5) Amie Zyla expansion of sex offense definition

---
[1] Subsections (2) through (4) define the sex offender tiers

(A) Generally

Except as limited by **subparagraph (B) or (C)**, the term "sex offense" means - -

(i) A criminal offense that has an element involving a sexual act or sexual contact with another;

(ii) A criminal offense that is a specified offense against a minor;

(iii) A Federal offense (including an offense prosecuted under section 1152 or 1153 of Title 18) under section 1591, or chapter 109A, 110 (other than section 2257, 2257A, or 2258) or 117, of Title 18;

(iv) A military offense specified by the Secretary of Defense under section 115(a)(8)(C)(i) of Public Law 105-119 (10 U.S.C. 951 note); or

(v) An attempt or conspiracy to commit an offense described in clause (i) through (iv).

(B) Foreign Convictions

A foreign conviction is not a sex offense for the purposes of this subchapter if it was not obtained with sufficient safeguards for fundamental fairness and due process for the accused under guidelines established under section 20912 of this title.

(C) Offenses involving consensual sexual conduct

An offense involving consensual sexual conduct is **not a sex offense for purposes of this subchapter** if the victim was an adult, unless the adult was under the custodial authority of the offender at the time of the offense, or if the victim was at least 13 years old and the offender was not more than 4 years older than the victim.

34 U.S.C. § 20911 (**emphasis** added). Based upon the clear language of the statute, the definitions contained in § 20911 apply to that subchapter. A "sex offender" is someone who is convicted of a "sex offense" which are defined in subsection (5). The first line of subsection (5) states: "Except as limited by subparagraph (B) or (C), the term "sex offense" means…" Congress clearly intended to limit the definition of a "sex offense." Additionally, subsection (5)(C) states "an offense involving consensual sexual conduct is **not a sex offense for purposes of this subchapter** if the victim was an adult…" Again, congress could not have been more clear about

its intent to applying the exception to the definition of "sex offense" as outlined in subsection (A)(i-v). Therefore, if Mr. Williams' offense involved consensual sexual conduct with an adult, so long as the adult was not under his custodial authority, Mr. Williams' conviction is not a "sex offense" and Mr. Williams is not a "sex offender."

### B. The exception in subsection C requires the Court to look to the underlying facts

To determine whether or not Mr. Williams' offense involved consensual sexual conduct with an adult, the Court must look at the underlying facts. Several circuits have grappled with the issue of how a court determines if a defendant's prior conviction is a sex offense. *See Gen. U.S. v. KT Burgee*, 988 F.3d 1054, 1057 (8th Cir. 2021); *U.S. v. Price*, 777 F.3d 700, 704 (4th Cir. 2015); *U.S. v. Mi Kyung Byun*, 539 F.3d 982, 989 (9th Cir. 2008).

In *KT Burgee*, the Eighth Circuit implemented the "circumstance-specific approach" to determine whether the defendant was a sex offender under 34 U.S.C. § 20911(7)(I). 988 F.3d at 1058. The Eighth Circuit relied upon the term "conduct" used in § 20911(7)(I). *Id*. In doing so, the Eighth Circuit distinguished United States Supreme Court decisions *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018) and *U.S. v. Davis*, 139 S.Ct. 2319 (2019). Said cases utilized the categorical approach to determine whether the defendants' prior convictions were crimes of violence. In doing so, the Supreme Court relied heavily on the term "offense" which meant "a generic crime" not "the specific acts in which an offender engaged on a specific occasion." *Davis*, 139 S.Ct. at 2238; *Dimaya*, 138 S.Ct. at 1217.

Applying the Supreme Court's reasoning in *Davis* and *Dimaya*, the term "offense" as used in § 20911(5)(A)(iii) and § 20911(5)(C) would require the court to engage in the "categorical approach" to determine whether Mr. Williams' prior conviction is a "sex offense." [2]

---

[2] However, the Supreme Court in *Dimaya* also stated that "the absence of terms alluding to a crime's circumstances, or its commission, makes a fact-based interpretation an uncomfortable fit." 138 S.Ct. at 1218.

In determining whether a prior conviction qualifies using the "categorical approach," the court is restricted to only considering the following: charging document, the terms of plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information. *Shepard v. U.S.* 544 U.S. 13, 26 (2005) (applying the categorical approach in determining whether a prior conviction qualified under the ACCA).

In the present case, there is nothing in the indictment, the plea agreement, the plea colloquy or any other comparable judicial record indicating that the conduct was not consensual. Therefore, the Court should find that the enumerated exception under § 20911(5)(C) applies; thus, Mr. Williams is not a sex offender.

### C. If Mr. Williams' conviction is not a "sex offense" under SORNA, he is not required to register in Indiana

The Defendant argues that, regardless whether Mr. Williams is a sex offender under SORNA, he is still required to register in Indiana under Indiana's comparable SORA. [DE 15 P. 21-23]. The Defendant's argument is misplaced. Indiana Code § 11-8-8-4.5 defines "sex offender." "The term includes: (1) a person who is required to register as a sex offender in any jurisdiction." I.C. § 11-8-8-4.5(b). As argued above, Mr. Williams is not required to register as a sex offender under SORNA; therefore, this subsection does not apply. The Defendant argues that Mr. Williams' conviction is "substantially similar to promoting prostitution, a sex offense in Indiana." [DE 15 P. 21]. However, Mr. Williams' conviction does not qualify under that subsection either.

---

§ 20911(5)(C) is an exception to the an otherwise qualifying conviction if the conduct was consensual. Whether the conduct was consensual would be "alluding to a crime's circumstance, or its commission" which would require the "circumstance-specific approach."

A "sex offender" includes a conviction for "promoting prostitution (IC 35-45-4-4) as a Class B Felony (for a crime committed before July 1, 2014) or a Level 4 felony (for a crime committed after June 30, 2014). IC 11-8-8-4.5(a)(14). Mr. Williams was convicted and sentenced on July 19, 2013. [DE 4, ¶ 4; Ex. "C" at 2-3]. Promoting Prostitution is defined as follows:

> A person who:
>
> (1) Knowingly or intentionally entices or compels another person to become a prostitute;
>
> (2) Knowingly or intentionally procures, or offers or agrees to procure, a person for another person for the purpose of prostitution;
>
> (3) Having control over the use of a place, knowingly or intentionally permits another person to use the place for prostitution;
>
> (4) Receives money or other property from a prostitute, without lawful consideration, knowing it was earned in whole or in part from prostitution; or
>
> (5) Knowingly or intentionally conducts or directs another person to a place for the purpose of prostitution;
>
> Commits promoting prostitution, a Class C felony. However, the offense is a Class B felony under subdivision (1) **if the person enticed or compelled is under eighteen (18) years of age**.

IC 35-45-4-4(a) (effective until July 1, 2014). Promoting prostitution is only a "sex offense" for requiring registration if the person knowingly or intentionally entices or compels another person to become a prostitute **and** that person is under eighteen (18) yeas of age. IC 11-8-8-4.5(a)(14); IC 35-45-4-4(a). Again, there is nothing in the record that Mr. Williams enticed or compelled J.S. to become a prostitute, or that she was under the age of eighteen (18). Rather she was an

adult. Therefore, Mr. Williams conviction does not require registration in Indiana under SORA and this Court should grant summary judgment in his favor.

## Conclusion

Based upon the foregoing law and analysis, this Court should grant judgement in favor of Mr. Williams and against the Defendant.

Respectfully submitted,

s/ Russell W. Brown, Jr.
Russell W. Brown, Jr. #29628-64
9223 Broadway, Ste E
Merrillville, IN 46410
(219) 750-9380
rbrown@theregionlawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2025, I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record in this matter, all of whom are CM/ECF participants.

s/ Russell W. Brown, Jr.
Russell W. Brown, Jr.