

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

**MONTELL WILLIAMS,**

Plaintiff–Appellant,

v.

**LLOYD ARNOLD,**

Defendant–Appellee.

Case No. 2:25-cv-00108-GSL-APR

## EMERGENCY MOTION FOR STAY PENDING APPEAL

Plaintiff–Appellant Montell Williams, proceeding *pro se*, respectfully moves this Court for an Emergency Stay Pending Appeal of the Court's December 15, 2025 Opinion and Order, pending review by the United States Court of Appeals for the Seventh Circuit. In support, Appellant states as follows:

## I. BACKGROUND

This civil action originated as a state-court declaratory judgment proceeding and was subsequently removed to federal court. At the time of filing, no state or federal authority had an operative order or enforcement action requiring Appellant to register as a sex offender.

Crucially, in a prior, separate proceeding (Cause No. 2:12-cr-144), a federal district court judge had already granted Appellant's motion and removed the condition that he comply with SORNA's registration requirements as part of his supervised release.

While the present civil matter was pending, the status quo remained: Appellant was not subject to prosecution, no enforcement action was initiated, and no publication of Appellant's information occurred. An informal text communication received three days before judgment confirmed that any potential registration official's belief was expressly "pending litigation" and that information would not be published because the matter was "unresolved."

Despite the absence of any enforced obligation or imminent enforcement action, the district court, on December 15, 2025, granted Defendant's Rule 12(c) motion and ordered Appellant to comply with SORNA, thereby imposing an immediate obligation carrying severe criminal consequences.

Appellant has timely filed a Notice of Appeal challenging the district court's Article III jurisdiction, Eleventh Amendment authority, and power to enter the challenged order.

## II. LEGAL STANDARD

A stay pending appeal is an exercise of judicial discretion designed to preserve the status quo while an appellate court reviews the legality of the challenged order. The Supreme Court explained that a stay is warranted where the movant demonstrates (1) a likelihood of success on the merits, (2) irreparable injury absent a stay, (3) that the balance of equities tips in the movant's favor, and (4) that a stay serves the public interest. *Nken v. Holder*, 556 U.S. 418, 426 (2009).

Where an appeal presents serious threshold questions concerning constitutional jurisdiction and the court's authority to act at all, courts routinely grant a stay. In such circumstances, maintaining the status quo is necessary to protect the integrity of appellate review and prevent the enforcement of an order that may ultimately be declared void *ab initio*.

## III. ARGUMENT

A. Appellant Has a Strong Likelihood of Success on Threshold Jurisdictional Grounds

.

Article III of the Constitution limits federal courts to actual, ongoing cases or controversies. At no point—at filing, during litigation, or at judgment—did a live controversy exist.

The voluntary-cessation doctrine, which sometimes preserves jurisdiction, does not apply here because it requires a defendant to have affirmatively halted *ongoing* enforcement.

See *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). In this case, there was no enforcement to cease.

The only communication from state officials confirmed the matter was "unresolved" and "pending litigation." This asserted risk was speculative and contingent on the district court's own ruling. Because the alleged injury "exists only if the court acts first," the controversy was hypothetical, not moot. The district court did not merely prevent the resumption of prior conduct; instead, it created the obligation it purported to adjudicate, issuing an impermissible advisory opinion. Article III jurisdiction was lacking at the time judgment was entered.

## 2. The Court Lacked Jurisdiction Under the Eleventh Amendment and *Ex parte Young*

The district court lacked subject matter jurisdiction under the Eleventh Amendment. Appellant's alleged injury is not redressable by an order against this specific defendant. The Commissioner of the IDOC (Lloyd Arnold) has no actual authority under Indiana law to enforce the federal SORNA requirements against an individual not under IDOC custody or supervision; the local county sheriff holds that authority.

The *Ex parte Young* exception does not apply where the state official has no enforcement connection to the challenged federal statute. An order against Commissioner Arnold cannot effectively stop the local sheriff from initiating action. The State of Indiana is the real, substantial party in interest, and the district court was barred by sovereign immunity from adjudicating this dispute or issuing the compliance order against this defendant.

3.

### 3. The Court Exceeded Its Civil Authority and Contradicted a Prior Ruling

This action was a civil declaratory judgment proceeding. The order imposed an affirmative federal registration obligation enforceable by criminal penalties, despite the absence of statutory authorization or proper civil jurisdiction.

Furthermore, this order conflicts with a previous federal court ruling in Appellant's underlying criminal case (2:12-cr-144) that explicitly removed the SORNA compliance condition. The current order bypasses the procedural requirements for imposing criminal-law obligations and creates contradictory federal judgments.

### B. Appellant Will Suffer Irreparable Harm Absent a Stay

Absent a stay, Appellant faces immediate and irreparable harm. The Order imposes a mandatory obligation carrying severe criminal penalties (up to 10 years imprisonment for non-compliance under 18 U.S.C. § 2250). The immediate exposure to criminal liability, arrest, prosecution, and incarceration implicates fundamental liberty interests that cannot be undone through post-appeal relief. Compelled compliance with a potentially unlawful criminal regime constitutes a recognized irreparable injury.

### C. The Balance of Equities and Public Interest Favor a Stay

The equities weigh decisively in Appellant's favor. Appellant faces immediate, severe consequences from enforcement of an order subject to serious jurisdictional and constitutional doubt. The public interest is best served by ensuring federal courts operate within constitutional limits and by preserving the integrity of the appellate process. A stay preserves orderly review and prevents the premature enforcement of a potentially void judgment.

4.

## IV. RELIEF REQUESTED

For the foregoing reasons, Appellant respectfully requests that the Court stay enforcement of the December 15, 2025 Opinion and Order pending appeal, preserve the status quo until jurisdictional review by the United States Court of Appeals for the Seventh Circuit is complete, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,
Date: January 5, 2026
Montell Williams
Plaintiff–Appellant, *pro se*
6626 Nebraska Ave., Apt. 2A
Hammond, Indiana 46323
Phone: 219-214-1619

## CERTIFICATE OF SERVICE

I certify that on January 5, 2026, a copy of this Emergency Motion for Stay Pending Appeal was served on all counsel of record by regular mail, postage prepaid, addressed to their last known addresses of record.

Montell Williams

*/s/ Montell Williams "Pro Se"*

5.