# U.S. District Court Northern District of Indiana [LIVE]
# USDC Northern Indiana (Hammond)
# CIVIL DOCKET FOR CASE #: 2:25−cv−00108−GSL−APR

Williams v. Arnold

Assigned to: Judge Gretchen S Lund

Referred to: Magistrate Judge Andrew P Rodovich

Case in other court:  Lake Superior Court,
                45D10−2502−MI−000059

Cause: 28:1441 Petition for Removal

Date Filed: 03/05/2025

Date Terminated: 12/15/2025

Jury Demand: Defendant

Nature of Suit: 890 Other Statutory Actions

Jurisdiction: Federal Question

Discovery Completion Deadline:

Dispositive Motion Deadline:

Expert Discovery Deadline:

Fact Discovery Deadline:

Settlement Conference:

Final Pretrial Conference:

Trial Date:

**Plaintiff**

**Montell Williams**

    represented by    **Russell W Brown , Jr**
The Region Lawyers Inc
9223 Broadway Ste E
Merrillville, IN 46410
219−750−9380
Email: rbrown@theregionlawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Lloyd Arnold**
*in his official Capacity as Commissioner
of Indiana Department of corrections*

    represented by    **Christopher A McNally**
Indiana Attorney General's Office − IAG/302
Indiana Government Center South
302 W Washington St 5th Fl
Indianapolis, IN 46204−2770
317−454−1432
Fax: 317−232−7979
Email: christopher.mcnally@atg.in.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander R Carlisle**
Indiana Attorney General's Office − IAG/302
Indiana Government Center South
302 W Washington St 5th Fl
Indianapolis, IN 46204−2770
317−234−6667

Fax: 317−232−7979
Email: Alexander.Carlisle@atg.in.gov
*ATTORNEY TO BE NOTICED*

**Emily Hoegler**
Indiana Attorney General's Office −
IAG/302
Indiana Government Center South
302 W Washington St 5th Fl
Indianapolis, IN 46204−2770
317−234−4794
Fax: 317−232−7979
Email: emily.hoegler@atg.in.gov
*TERMINATED: 07/17/2025*

**Jacob P Zurschmiede**
Littler Mendelson PC − Ind/IN
111 Monument Cir Ste 702
Indianapolis, IN 46204
317−287−3618
Fax: 317−636−0712
Email: jzurschmiede@littler.com
*TERMINATED: 10/08/2025*

**Thomas S Pratt**
Indiana Attorney General's Office −
IAG/302
Indiana Government Center South
302 W Washington St 5th Fl
Indianapolis, IN 46204−2770
317−232−0493
Fax: 317−232−7979
Email: Thomas.Pratt@atg.in.gov
*ATTORNEY TO BE NOTICED*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 02/03/2025 | 4 | STATE COURT COMPLAINT against Lloyd Arnold, filed by Montell Williams in Lake Superior Court 45D10−2502−MI−000059. (Attachments: # 1 Exhibit)(kmt) (Entered: 03/06/2025) |
| 03/05/2025 | 1 | NOTICE OF REMOVAL (Filing fee $ 405 receipt number AINNDC−5835295.) from Lake Superior Court, Cause No. 45D10−2502−MI−000059, filed by Lloyd Arnold. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit State Complaint and Exhibits, # 3 Exhibit State Docket, # 4 Exhibit State Court Pleadings)(Pratt, Thomas) (Entered: 03/05/2025) |
| 03/05/2025 | 2 | NOTICE of Appearance by Thomas S Pratt on behalf of Lloyd Arnold (Pratt, Thomas) (Entered: 03/05/2025) |

| 03/05/2025 | 3 | NOTICE of Appearance by Emily Hoegler on behalf of Lloyd Arnold (Hoegler, Emily) (Entered: 03/05/2025) |
|---|---|---|
| 03/06/2025 | | **NEW CASE** Judge Gretchen S Lund and Magistrate Judge Abizer Zanzi added. (kmt) (Entered: 03/06/2025) |
| 03/10/2025 | 5 | ORDER: Pursuant to 28 U.S.C. § 445 and due to a potential conflict of interest, the undersigned RECUSES himself from this case as the assigned Magistrate Judge and DIRECTS the Clerk of Court to re−assign this matter to another Magistrate Judge in the District. Case reassigned to Magistrate Judge Andrew P Rodovich for all further proceedings. Signed by Magistrate Judge Abizer Zanzi on 2/10/2025. (rmf) (Entered: 03/10/2025) |
| 03/11/2025 | 6 | MINUTE ORDER: Each party and each attorney in this case shall take reasonable steps to preserve electronically stored information (ESI) that is relevant to any claim or defense in this case, whether or not the information is admissible at trial. This requirement relates back to the point in time when the party or attorney reasonably anticipated litigation about these matters. By Magistrate Judge Andrew P Rodovich on 03/11/2025. Text entry order. (jdb) (Entered: 03/11/2025) |
| 03/12/2025 | 7 | AGREED NOTICE to extend time to file answer filed by Lloyd Arnold ; answer due by April 9, 2025. (Pratt, Thomas) (Entered: 03/12/2025) |
| 03/13/2025 | | Reset Answer due Deadlines: Answer due 4/9/2025 per 7 Agreed Notice. (jld) (Entered: 03/13/2025) |
| 04/09/2025 | 8 | MOTION for Extension of Time to File Answer re 7 Agreed Notice to Extend Time to File Answer, 4 State Court Complaint by Defendant Lloyd Arnold. (Pratt, Thomas) (Entered: 04/09/2025) |
| 04/09/2025 | 9 | ORDER: The Court GRANTS the Motion for Extension of Time to Answer 8 , finding good cause shown, and EXTENDS the deadline for Defendant Lloyd Arnold to answer by 5/9/2025. By Magistrate Judge Andrew P Rodovich on 04/09/2025. Text entry order. (jdb) (Entered: 04/09/2025) |
| 04/11/2025 | 10 | ORDER AND NOTICE OF HEARING: Telephonic Rule 16 Preliminary Pretrial Conference set for 5/16/2025 11:00 AM Central Time before Magistrate Judge Andrew P Rodovich. Parties are instructed to dial 833−568−8864, enter Meeting ID 161 6723 3388 and passcode 649671 when prompted to join the conference. A proposed Discovery Plan under Federal Rule of Civil Procedure 26(f) to be filed no later than five (5) business days prior to the pretrial conference. Signed by Magistrate Judge Andrew P Rodovich on 04/11/2025. (jdb) (Entered: 04/11/2025) |
| 04/11/2025 | 11 | MAGISTRATE JUDGE CONSENT FORMS sent to all parties. (jdb) (Entered: 04/11/2025) |
| 05/09/2025 | 12 | ANSWER to 4 Complaint , *Affirmative Defenses, and Demand for Jury* by Lloyd Arnold.(Pratt, Thomas) Modified on 5/14/2025 to link to complaint (mlc). (Entered: 05/09/2025) |
| 05/16/2025 | 13 | TELEPHONIC STATUS CONFERENCE (Scheduled as a TR16b Conference) held on 5/16/2025, before Magistrate Judge Andrew P Rodovich. Pla failed to appear. Dft appeared by atty Emily Hoegler. Def intends to file motion on the pleadings. The Court sets a briefing schedule as follows: Dispositive motions to be filed by 6/30/2025. Response to be filed by 7/31/2025. Reply to be filed by 8/15/2025. A telephonic status conference to be schedule after outcome of dispositive motions. (jdb) (Entered: |

| | | 05/16/2025) |
|---|---|---|
| 06/30/2025 | 14 | MOTION for Judgment on the Pleadings by Defendant Lloyd Arnold. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(Pratt, Thomas) (Entered: 06/30/2025) |
| 06/30/2025 | 15 | MEMORANDUM in Support of 14 MOTION for Judgment on the Pleadings filed by Lloyd Arnold. (Pratt, Thomas) (Entered: 06/30/2025) |
| 07/16/2025 | 16 | MOTION to Withdraw as Attorney by Defendant Lloyd Arnold. (Hoegler, Emily) (Entered: 07/16/2025) |
| 07/16/2025 | 17 | NOTICE of Appearance by Christopher A McNally on behalf of Lloyd Arnold (McNally, Christopher) (Entered: 07/16/2025) |
| 07/17/2025 | 18 | ORDER: The Court GRANTS the 16 Motion to Withdraw as Attorney. Attorney Emily Hoegler ORDERED WITHDRAWN. Attorneys Christopher A McNally, Thomas S Pratt remain counsel for referenced defendant. By Magistrate Judge Andrew P Rodovich on 07/17/2025. Text entry order. (jdb) (Entered: 07/17/2025) |
| 08/01/2025 | 19 | MOTION for Leave to File *Joint Motion to Modify Briefing Schedule* by Plaintiff Montell Williams. (Attachments: # 1 Joint Motion)(Brown, Russell) (Entered: 08/01/2025) |
| 08/04/2025 | 20 | ORDER: The Court GRANTS the 19 Joint Motion to Modify Briefing Schedule. Plaintiff's response to Defendant's Motion for Judgment on the Pleadings due 8/8/2025. Defendant's Reply due 8/22/2025. Text entry by Judge Gretchen S Lund on 8/4/2025. (jss) (Entered: 08/04/2025) |
| 08/05/2025 | 21 | RESPONSE to Motion re 14 MOTION for Judgment on the Pleadings filed by Montell Williams. (Brown, Russell) (Entered: 08/05/2025) |
| 08/22/2025 | 22 | REPLY IN SUPPORT by Lloyd Arnold to 14 MOTION for Judgment on the Pleadings . (McNally, Christopher) (Entered: 08/22/2025) |
| 08/26/2025 | 23 | NOTICE of Hearing on 14 MOTION for Judgment on the Pleadings : Motion Hearing set for 10/1/2025 at 10:00 AM (CDT) in US District Court − Hammond before Judge Gretchen S Lund. (jss) (Entered: 08/26/2025) |
| 10/01/2025 | 24 | MOTION HEARING held on 10/1/2025 before Judge Gretchen S Lund. Pla appeared by atty Russell Brown. Dft appeared by atty Christopher McNally. Court hears arguments on 14 MOTION for Judgment on the Pleadings. Pla requests the the motion for judgment on the pleadings be converted to a motion for summary judgment and the Court to grant summary judgment in favor of plaintiff. Court will take the matter under advisement and issue a written order. (Court Reporter Ashley Stokes.) (jss) (Entered: 10/01/2025) |
| 10/08/2025 | 25 | NOTICE of Appearance by Alexander R Carlisle on behalf of Lloyd Arnold (Carlisle, Alexander) (Entered: 10/08/2025) |
| 10/08/2025 | 26 | MOTION to Withdraw as Attorney *of Jacob Zurschmiede* by Defendant Lloyd Arnold. (Zurschmiede, Jacob) (Entered: 10/08/2025) |
| 10/08/2025 | 27 | ORDER: The Court GRANTS the 26 Motion to Withdraw as Attorney. Attorney Jacob P Zurschmiede ORDERED WITHDRAWN. Attorneys Christopher A McNally, Alexander R Carlisle and Thomas S Pratt remain counsel for referenced defendant. By Magistrate Judge Andrew P Rodovich on 10/08/2025. Text entry order. (jdb) (Entered: |

| | | |
|---|---|---|
| | | 10/08/2025) |
| 12/11/2025 | 28 | TRANSCRIPT of MOTION HEARING held on October 1, 2025, before Judge Gretchen S Lund. Court Reporter Ashley N. Stokes, Telephone 219−852−6557, E−mail ashley_stokes@innd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**IMPORTANT: Notice is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above matter. The parties have 7 calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Redaction Request − Transcript shall be e−filed with the Court. Access to this request will be restricted to the Court and attorneys of record in the case. If no such Notice and Redaction Request are filed, the transcript may be made remotely, electronically available to the public without redaction. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the Court Reporter. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.**<br><br>Notice of Intent to Redact due 12/18/2025. Redaction Request due 1/2/2026. Redacted Transcript Deadline set for 1/12/2026. Release of Transcript Restriction set for 3/11/2026. (as) (Entered: 12/11/2025) |
| 12/15/2025 | 29 | OPINION AND ORDER: The Court GRANTS Defendant's Motion for Judgment on the Pleadings 14 and DENIES Plaintiff's request to convert Defendant's Motion into a motion for summary judgment 21 , 24 . The Court hereby ORDERS immediately and moving forward, Plaintiff COMPLY with SORNA's sex−offender registration requirements. Signed by Judge Gretchen S Lund on 12/15/2025. (jdb) (Entered: 12/17/2025) |
| 12/17/2025 | 30 | CLERK'S ENTRY OF JUDGMENT. (jdb) (Entered: 12/17/2025) |
| 01/05/2026 | 31 | EMERGENCY MOTION for Stay Pending Appeal by Plaintiff Montell Williams. (rmf) (Entered: 01/05/2026) |
| 01/05/2026 | 32 | NOTICE OF APPEAL as to 30 Clerks Judgment, 29 Order on Motion for Judgment on the Pleadings, by Montell Williams. Filing fee $ 605, receipt number 5357. (rmf) (Entered: 01/05/2026) |



-FILED-

JAN 0 5 2026

At _____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

**MONTELL WILLIAMS,**

Plaintiff,

v.

**LLOYD ARNOLD,**

Defendant.

Case No. 2:25-CV-108-GSL-APR

## NOTICE OF APPEAL

Notice is hereby given that Plaintiff, Montell Williams, appeals to the United States Court of Appeals for the Seventh Circuit from the Final Judgment and Opinion and Order entered on December 15, 2025, and all orders and rulings merged into or leading to that judgment, in the above-captioned case.

Dated: January 5, 2026
Respectfully submitted,

**Montell Williams**
Plaintiff–Appellant, pro se
6626 Nebraska Ave. Hammond, Indiana Apt. 2A
Telephone: (219) 214-1619

---

1.

## CERTIFICATE OF SERVICE

I certify that on January 5, 2026, a true and correct copy of this Notice of Appeal was served on all counsel of record by regular mail, postage prepaid, addressed to their last known addresses of record.

Montell Williams

*" Pro Se"*

2.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

MONTELL WILLIAMS,

    Plaintiff,

    v.

LLOYD ARNOLD,

    Defendant.

Case No. 2:25-CV-108-GSL-APR

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings [DE 14]. The Motion has been fully briefed [DE 15, 21–22], oral argument was heard on October 1, 2025 [DE 24], and the Motion is now ripe for ruling. In addition, Plaintiff requested in both his response brief [DE 21] and at the oral hearing [DE 24] that Defendant's Motion be converted into a motion for summary judgment. For the reasons below, the Court **DENIES** Plaintiff's request to convert the Motion into one for summary judgment [DE 21, 24] and **GRANTS** Defendant's Motion [DE 14].

## BACKGROUND

*Factual Background*

In January 2013, under Cause No. 2:12-cr-144, Plaintiff Montell Williams pled guilty to Count 3 of the superseding indictment for transporting an individual in interstate commerce with intent that such individual engage in prostitution, a violation of 18 U.S.C. § 2421. [DE 4, ⁋ 3; DE 4-1 at 3, ⁋ 7a]. Plaintiff was initially sentenced to a 120-month term of imprisonment with eight years of supervised release upon his release from custody. [DE 4, ⁋ 5; DE 4-1 at 9–10]. Following an appeal to and subsequent remand from the Seventh Circuit, in which Plaintiff

challenged two conditions of his supervised release [DE 4-1 at 15], Plaintiff was resentenced to a 120-month term of imprisonment and a lifetime term of supervised release. [DE 4, ¶¶ 5–6; DE 4-1 at 17–18]. As a mandatory condition of his supervised release, Plaintiff was ordered to comply with the Sex Offender Registration and Notification Act (SORNA).[1] [DE 4, ¶ 7; DE 4-1 at 18].

Following Plaintiff's release from custody in 2020, Plaintiff was required to register as a sex offender in Indiana. [DE 4, ¶¶ 8–9]. In 2022, Plaintiff moved to modify the conditions of his supervised release.[2] [DE 4, ¶10; DE 14-5]. Although Plaintiff initially based his argument on the premise that SORNA did not apply to him, he later clarified that he did not seek a determination on SORNA's applicability and instead sought only to strike the condition that he comply with SORNA. [DE 4-1 at 29]. In 2024, the district court granted Plaintiff's motion and removed the condition that Plaintiff comply with SORNA's registration requirements. [*Id.* at 33–34].

*Procedural Background*

Following the district court's removal of the SORNA compliance condition, Plaintiff thereafter filed a declaratory judgment action against Defendant Lloyd Arnold in state court under Cause No. 45D10-2502-MI-59. [DE 1, DE 4 at 4]. Plaintiff specifically sought a declaration that he is not a sex offender, that he does not have an obligation to register as a sex offender in Indiana, and that he should be removed from the Department of Corrections' Sex

---

[1] The mandatory condition that Plaintiff register as a sex offender was initially agreed upon in Plaintiff's plea agreement. [*See* DE 4-1 at 4, ¶ 7(d)(iv) ("The United States of America and I further agree to recommend that the Court order, as a mandatory condition of my supervised release, that I register as a sex offender and comply with state sex offender registration requirements pursuant to 18 U.S.C. § 3583(d) and 42 U.S.C. § 16913.")]. This condition was then imposed as part of Plaintiff's initial eight-year term of supervised release, although it was not specified whether the condition was mandatory or discretionary. [*See id.* at 10 ("The defendant shall comply with the requirements of [SORNA] (42 U.S.C. § 16901, *et seq.*) . . . .")]. Following the remand from the Seventh Circuit [*id.* at 15], the sex offender registration requirement was reimposed as a mandatory condition of Plaintiff's revised lifetime term of supervised release. [*See id.* at 18, ¶ 3].
[2] Along with seeking a modification of the conditions of his supervised release, Plaintiff also sought to modify the duration of his supervised release. [DE 14-5]. The district court denied this portion of Plaintiff's motion. [*See* DE 4-1 at 33]. Plaintiff has raised no further challenges to the duration of his supervised release under this action.

Offender Registry. [DE 4 at 4]. The case was subsequently removed from the Lake County Superior Court to this Court. [DE 1]. After answering Plaintiff's Complaint [DE 12], Defendant filed his Motion for Judgment on the Pleadings [DE 14]. Oral argument on Defendant's Motion was held on October 1, 2025. [DE 24]. The Motion has been fully briefed and is now ripe for ruling. [DE 15, 21–22]. Plaintiff has also requested that Defendant's Motion be converted into a motion for summary judgment. [DE 21, 24]. The Court will address both Plaintiff's request and Defendant's Motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) states, "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." *Federated Mut. Ins. v. Coyle Mech. Supply Co.*, 983 F.3d 307, 312 (7th Cir. 2020) (quoting Fed. R. Civ. P. 12(c)). Rule 12(c) motions may be raised by either party "to dispose of the case on the basis of the underlying substantive merits." *Wolf v. Riverport Ins.*, 132 F.4th 515, 518 (7th Cir. 2025). When a Rule 12(c) motion is filed to challenge the sufficiency of a complaint—as Defendant did here—the motion performs the same function as a Rule 12(b)(6) motion to dismiss and is thus governed by the same standard. *Id.* The only difference between the two is timing. *See Coyle*, 983 F.3d at 313; 5C Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1367 (3d ed. 2019) (providing that a party "cannot move under Rule 12(c) until after an answer has been filed").

"When a plaintiff moves for judgment on the pleadings, the motion should not be granted unless it appears beyond doubt that the nonmovant cannot prove facts sufficient to support its position, and that the plaintiff is entitled to relief." *Coyle*, 983 F.3d at 313 (quoting *Scottsdale Ins. v. Columbia Ins. Grp., Inc.*, 972 F.3d 915, 919 (7th Cir. 2020)). In essence, this means that the movant must demonstrate not only the absence of any material issues of fact to be resolved,

3

*see id.*, but also that the plaintiff's complaint fails to meet the plausibility standard—i.e., that the plaintiff has not stated a recognizable legal claim. *See Wolf*, 132 F.4th at 519. As with a motion to dismiss under Rule 12(b)(6), well-pled factual allegations in the complaint are accepted as true and the Court will view all facts and inferences in the light most favorable to the non-moving party. *Id.*; *Coyle*, 983 F.3d at 313 (citing *Alexander v. City of Chi.*, 994 F.2d 333, 336 (7th Cir. 1993)).

## DISCUSSION

### I.    Plaintiff's Conversion Request [DE 21, 24]

Before proceeding to the merits of Defendant's 12(c) Motion, the Court must first address Plaintiff's request to convert the motion into one for summary judgment under Rule 56. [*See* DE 21 at 1, DE 24]. Rule 12(d) provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

*Coyle*, 983 F.3d at 313 (quoting Fed. R. Civ. P. 12(d)). A district court has discretion over whether a Rule 12(c) motion should be converted into a Rule 56 motion for summary judgment. *Id.* If the court chooses to consider materials outside the pleadings, however, then "the discretion ends, and the court 'must' treat the motion as one for summary judgment." *Id.* (citing Fed. R. Civ. P. 12(d) and *Loeb Indus., Inc. v. Sumitomo Corp.*, 306 F.3d 469, 479 (7th Cir. 2002)).

Generally, "pleadings" for purposes of a Rule 12(c) motion "include the complaint, the answer, and any written instruments attached as exhibits." *Id.* at 312 (quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998)). Yet an exception to this rule exists in which a court may also "take into consideration documents incorporated by reference to the pleadings," as well as "take judicial notice of matters of public record."

4

*Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 640 (7th Cir. 2017); *see also* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (4th ed. 2025) (explaining that courts may consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned without converting the motion into one for summary judgment under Rule 12(d)"). A court may take judicial notice of an adjudicative fact "that is both 'not subject to reasonable dispute' and either 1) 'generally known within the territorial jurisdiction of the trial court' or 2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (quoting Fed. R. Evid. 201(b)).

Here, Defendant attached six exhibits to his 12(c) Motion, each deriving from Plaintiff's underlying criminal matter in Cause No. 2:12-cr-144. [*See* DE 14-1 (Superseding Indictment), 14-2 (Plea Agreement), 14-3 (Judgment in a Criminal Case), 14-4 (Judgment in a Criminal Case), 14-5 (Motion to Modify Conditions of Supervised Released), and 14-6 (Opinion and Order)]. Defendant requests that each of these exhibits be judicially noticed as matters of public record whose accuracy cannot be reasonably questioned. [*See* DE 14 at 2 n.1 (citing *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994)); DE 22 at 2–3]. First, four of the six exhibits (Plea Agreement, 2012 Judgment in a Criminal Case, 2016 Judgment in a Criminal Case, and Opinion and Order) are the same as those attached to Plaintiff's Complaint. [*See generally* DE 4-1]. Second, each of these exhibits appear to be central to the Complaint and the allegations contained within it. Finally, each of these exhibits are matters of public record. Thus, it seems permissible for the Court to take judicial notice of and or consider them as part of the

pleadings for the Rule 12(c) analysis. *See Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (explaining that for purposes of a Rule 12(b)(6) or 12(c) motion, "a court may consider, in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice").

Plaintiff does not appear to contest that these exhibits are public records, nor does Plaintiff offer any argument suggesting their accuracy is in dispute. [*See* DE 21 at 1]. Rather, Plaintiff appears to imply—as a rule of thumb—that Defendant's decision to attach *any* exhibits automatically dictates the need to convert the motion into one for summary judgment. [*Id.*]. This is not the case though. *See Flynn*, 863 F.3d at 640. Defendant's exhibits cleanly fit the criteria for judicial notice under Federal Rule of Evidence 201: they are publicly available, they are not factually disputed, and they derive from sources whose accuracy cannot reasonably be questioned. *See Carter v. Sturgeon*, 643 F. Supp. 3d 862, 865 (N.D. Ind. 2022); *Henson*, 29 F.3d at 284 (affirming district court's consideration of public court documents from earlier state case in deciding defendants' motion to dismiss). Thus, the Court takes judicial notice of Defendant's attached exhibits. [*See* DE 14-1 through 14-6].

Accordingly, because none of Defendant's exhibits are "matters outside the pleadings," *see* Fed. R. Civ. P. 12(d), the Court declines to convert Defendant's Rule 12(c) Motion into one for summary judgment.

## II.      Defendant's Rule 12(c) Motion [DE 14]

Turning to the merits of Defendant's 12(c) Motion, Defendant asserts that Plaintiff is not entitled to the relief he seeks based on SORNA's statutory language. Plaintiff's Complaint, and

thus Defendant's Motion, both concern the applicability of the sex offender registry requirements within SORNA.

In 2006, Congress enacted SORNA to make "more uniform and effective" the "patchwork" of previously implemented state sex-offender registration systems. *Gundy v. United States*, 588 U.S. 128, 132 (2019); *see* 34 U.S.C. § 20901 *et seq.* (formerly codified as 42 U.S.C. § 16901 *et seq.*). The express purpose of SORNA is "to protect the public from sex offenders and offenders against children" by "establish[ing] a comprehensive national system for [their] registration." *Id.* at 133 (quoting § 20901). SORNA defines a "sex offender" as "an individual who was convicted of" certain specified crimes, in particular, any offense "involving a sexual act or sexual contact" as well as offenses "against a minor." *Id.* (quoting 34 U.S.C. §§ 20911(1), (5)(A), (7)). According to SORNA's registration scheme, any individual deemed a "sex offender" is required to register in every state where he or she resides, works, or studies by providing certain statutorily mandated information. *See id.* (citing §§ 20913(a), 20914). Further, the registration must be kept current, thus requiring periodic in-person reporting to a law enforcement office, for a period ranging from fifteen years to life based on the severity of the underlying crime. *Id.* (citing §§ 20915, 20918).

Plaintiff brought this action seeking a declaration that (1) SORNA does not apply to him and (2) he need not register as a sex offender in the State of Indiana. [DE 4, ¶¶ 12, 17]. In his Complaint, Plaintiff based the belief that SORNA is inapplicable on the grounds that he (a) is no longer required to comply with SORNA's registration requirements as a condition of his supervised release and (b) was not convicted of a qualifying "sex offense" that would otherwise require him to register as a sex offender. [*Id.*, ¶¶ 12–13, 15, 17]. Thus, given Plaintiff's assertion, Defendant framed the main focus of his 12(c) Motion as follows: "Based on the allegations in the

complaint, the Court is faced with a pure question of law: whether Congress intended for sex offenses under 34 U.S.C. § 20911(5)(ii), including violations of 18 U.S.C. § 2421, to fall within the exception to a registrable sex offense under SORNA." [DE 15 at 5]. Agreeing with Defendant's framing of the issue, Plaintiff similarly framed the question as "whether [Plaintiff's] conviction for transporting an individual in interstate commerce with intent to engage in prostitution in violation of 18 U.S.C. § 2421 is a sex offense under 34 U.S.C. § 20911 . . . ." [DE 21 at 2]. Therefore, taken together, the central issue is one of statutory interpretation concerning the term "sex offense."

Statutory analysis "begins with the text," *Ross v. Black*, 578 U.S. 632, 638 (2016), and unless a term is otherwise defined by Congress, the Court will look to the text's "ordinary, contemporary, common meaning." *Hulce v. Zipongo, Inc.*, 132 F.4th 493, 498 (7th Cir. 2025) (quoting *Delaware v. Pennsylvania*, 598 U.S. 115, 128 (2023)). "Absent clearly expressed Congressional intent to the contrary, the plain language should be conclusive." *United States v. Berkos*, 543 F.3d 392, 396 (7th Cir. 2008). Moreover, a statute should be read to avoid "render[ing] a word or phrase redundant or meaningless." *Id.* at 396–97 (citing *Gustafson v. Alloyd Co.*, 513 U.S. 561, 574–75 (1995)). Finally, statutory provisions should not be read in isolation as "a fair reading of legislation demands a fair understanding of the legislative plan," *King v. Burwell*, 576 U.S. 473, 498 (2015), and thus the statute's words "must be read in their context and with a view to their place in the overall statutory scheme." *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809 (1989).

SORNA defines "sex offense," in relevant part, as follows:

Except as limited by subparagraph (B) or (C), the term 'sex offense' means

. . .

iii.    a Federal offense (including an offense prosecuted under section 1152 or 1153 of Title 18) under section 1591, or chapter 109A, 110 (other than section 2257, 2257A, or 2258), or 117, of Title 18[.]

§ 20911(5)(A). As alluded to in Subsection (A), Subsections (B) and (C) provide exceptions to a registrable sex offense. Relevant here, Subsection (C) states:

> An offense involving **consensual sexual conduct** is not a sex offense for the purposes of this subchapter if the victim was an adult, unless the adult was under the custodial authority of the offender at the time of the offense, or if the victim was at least 13 years old and the offender was not more than 4 years older than the victim.

§ 20911(5)(C) (emphasis added).

Here, Defendant essentially argues that because Plaintiff's underlying criminal conviction for violating § 2421—an offense within Chapter 117 of Title 18—is a specifically included federal offense under Subsection (5)(A)(iii), the plain language of Subsection (A) indicates that Congress did not intend for Subsection (C)'s exception to apply.[3] [DE 15 at 14]. In contrast, Plaintiff argues that the plain language of Subsection (A), particularly that stating "[e]xcept as limited by subparagraphs (B) or (C)," shows an intent by Congress to limit the definition of " sex offense" and that it does not matter whether his underlying conviction is a specifically included

---

[3] Defendant goes on to provide additional purpose, history, and context grounds for why the adoption of Plaintiff's proposed interpretation would lead to illogical results. First, Defendant argues that when considering Plaintiff's specific underlying conviction, there is always the possibility that either no sexual activity took place or that only an attempt was made, thereby permitting *some* individuals but not others to take advantage of the exception under Subsection (C) despite committing the same offense. [DE 15 at 15 (citing *United State v. Rodriguez*, 460 F. Supp. 2d 902, 909 (S.D. Ind. 2006) ("Courts will look beyond the text of a statute only when the meaning of the language is not plain, the statutory context or structure as a whole reveals an ambiguity, or giving effect to the plain meaning will lead to illogical and absurd results."))]. Second, Defendant argues that the legislative history indicates an unequivocal showing that Subsection (C)'s exception was only intended for the first two definitions under Subsection (A). [*Id.* at 16]. In support, Defendant relies on a Tenth Circuit decision which found that the only references to the term "consensual sexual conduct" in the legislative history addressed consensual sexual conduct between juveniles and consensual sexual conduct between adults previously criminalized by state sodomy laws. *See United States v. Alexander*, 802 F.3d 1134, 1139 (10th Cir. 2015) (citing 152 Cong. Rec. H5705–01, at 5723–24 (daily ed. July 25, 20060, H.R. Rep. No. 105–256, at 40–41 (Sept. 18, 1997)). The Court notes these arguments but finds that because the issue is properly resolved upon the statute's plain text alone, the Court need not address these arguments further.

offense so long as one of the two exceptions apply. [DE 21 at 3]. Plaintiff further argues that under Subsection (C), his conduct was "consensual," thereby qualifying him for the exception.

To begin, it is true that § 2421 is a specifically included offense under Subsection (5)(A)(iii), and thus its inclusion would ordinarily qualify it as a sex offense absent an applicable exception.[4] Defendant's reading appears to assume, however, that the statute's mere inclusion under Subsection (5)(A)(iii) automatically ends the inquiry there. This disregards the opening language of Subsection (A) which, as Plaintiff rightfully points out, would override Defendant's interpretation when either Subsection (B) or (C) applies. As a result, the Court must therefore turn to the language of the relevant exception under Subsection (C) to determine whether Plaintiff's conduct qualifies. And because neither party is arguing the victim in the underlying criminal conviction was either a minor or an adult under Plaintiff's custodial authority at the time of the offense, the only relevant issue for the Court to analyze is whether Plaintiff was convicted of "[a]n offense involving **consensual sexual conduct**." § 20911(5)(C) (emphasis added).

Here, Plaintiff argues for a strict textualist reading of Subsection (C) and focuses extensively on the term "consensual." [DE 21 at 4–5]. To this end, he makes two arguments. First, he asserts that he qualifies for the exception because nothing in the indictment, the plea agreement, the plea colloquy, or any other entry from the underlying criminal matter was offered to prove his conduct was non-consensual which, according to Plaintiff, means his conduct had to have been consensual. [DE 21 at 5]. Second, Plaintiff argues that the phrase "consensual sexual conduct"—particularly "conduct"—should be read broadly, and that because the victim in the

---

[4] Because Plaintiff's underlying criminal conviction is for a specifically listed offense under Subsection (5)(A)(iii), the Court need not address which analytical framework—the categorical approach, the modified categorial approach, or the circumstance-specific approach—is most appropriate for deciding whether an individual has met SORNA's definition of a "sex offense." [DE 15 at 7; DE 21 at 4]. *See United States v. Thayer*, 40 F.4th 797,800 (7th Cir. 2022). As Defendant notes, that is because these frameworks are used for determining whether predicate state crimes may otherwise qualify as a "sex offense" under SORNA. [DE 15 at 9 (citing *id.*)]. But where the offense is already a qualifying sex offense, no purpose is served in engaging in such an analysis.

underlying criminal matter engaged in consensual sex with others, Plaintiff is therefore entitled to Subsection (C)'s exception. [*See* DE 28 at 13:15–21, 18:21–22]. There are, however, a few glaring issues with Plaintiff's construction.

First, Plaintiff's reading assumes that evidence going toward consent is a prerequisite showing that the Government must proffer. [*See* DE 28 at 25:1–20]. As Defendant notes, though, the nature of Plaintiff's criminal conviction under § 2421, which involves "transport[ing] any individual . . . with intent that such individual engage in prostitution, or in any sexual activity . . . or attempts to do so," *see* § 2421(a), does not require proof of consent, and thus there would not be a basis to support a determination that Plaintiff's conduct was "consensual." [DE 15 at 14–15]. Likewise, the overwhelming majority of included offenses listed within Subsection (5)(A)(iii) do not require proof of consent, and those few that do may only require proof of consent to the degree that it concerns any elements of coercion. *See, e.g.*, 18 U.S.C. §§ 1591, 2241, 2242, 2422 (requiring proof of coercion, intimidation, or enticement). Thus, to accept Plaintiff's construction would be to impose an onerous burden upon the Government to proffer evidence of consent when consent is often irrelevant to the underlying charge. Moreover, requiring the government to prove the applicability of a statutory provision or safe harbor that its opponent, and not itself, wishes to invoke invariably seems counter-intuitive. *Cf., e.g., Blow v. Bijora, Inc.*, 855 F.3d 793, 803 (7th Cir. 2017) (noting that for violations of the autodialing prohibition under the Telephone Consumer Protection Act, the defendant bears the burden of proving the affirmative defense of "express consent"); *United States v. Acevedo-Fitz*, 739 F.3d 967, 972 (7th Cir. 2014) (explaining that the defendant bears the burden of satisfying the statutory criteria necessary to qualify for the safety valve provision under 18 U.S.C. § 3553(f), and that the defendant's burden cannot be met "if the government challenges the 'truthfulness,

accuracy, or completeness' of his information and he 'does not produce anything to persuade the district court that his submissions are truthful and complete'").[5]

Even more notable, though, is that this construction—stating the failure to offer proof of non-consent equates to a demonstration that the conduct is therefore consensual—would result in a wrecking ball sized hole in the statute permitting any individual to take advantage of the exception simply by pointing out this perceived design flaw. Not only is this approach impractical, but it goes against SORNA's express purpose. *See* § 20901 (stating that the purpose of SORNA is "to protect the public from sex offenders and offenders against children"); *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 108 F.4th 458, 482 (7th Cir. 2024) (alteration omitted) (quoting *King v. Burwell*, 576 U.S. 473, 493 (2015) (providing that "we cannot interpret federal statutes to negate their own stated purposes"). And although Plaintiff is likely correct that Congress sought to limit the definition of "sex offense" by offering a consent-based exception, the decision to include numerous offenses not requiring proof of consent as qualifying "sex offenses," as well as the decision not to impose an express burden upon the Government to offer such proof, strongly suggests Congress never intended the limitation to extend as far as Plaintiff claims. *See Supervalu, Inc. v. United Food and Com. Workers Union and Emps. Midwest Pension Fund*, 155 F.4th 913, 926 (7th Cir. 2025) (quoting *Cunningham v. Cornell Univ.*, 604 U.S. 693, 708 (2025) ("Courts must 'read' a statute 'the way Congress wrote it.'").

Second, as stated above, Plaintiff argues that the phrase "consensual sexual conduct"— particularly "conduct"—should be interpreted broadly, and that because the victim in the

---

[5] As the Court noted during the motion hearing [*see* DE 24], there is also an issue of waiver surrounding the request that the Government offer proof of consent, particularly where the Government did not seek to do so during Plaintiff's initial sentencing in 2013 or during his resentencing in 2016. [*See* DE 28 at 26:17–28:8]. It is unclear from the Court's perspective that it would be procedurally proper to revisit an unaddressed issue that has dwelt undisturbed for this long.

underlying criminal matter engaged in consensual sex with others, Plaintiff should qualify for Subsection (C)'s exception. [*See* DE 28 at 13:15–21, 18:21–22]. As a reminder, Subsection (C) states, "An offense **involving consensual sexual conduct** is not a sex offense for purposes of this subchapter **if the victim was an adult**[.]" § 20911(5)(C) (emphasis added). Here, Plaintiff's conviction under § 2421 was for "**transport[ing] an[] individual** in interstate or foreign commerce . . . **with intent that such individual engage in prostitution, or in any sexual activity** for which any person can be charged with a criminal offense, or attempts to do so . . . ." *See* § 2421(a) (emphasis added). Put another way, the conduct being charged is not for engaging in sexual activity, but for *transporting another with the intent that the "other" individual engage in sexual activity*. This is crucial because the language of Subsection (C) suggests three things: (1) sexual conduct was integral to the underlying offense—"an offense *involving* sexual conduct"; (2) the individual convicted of the offense was himself engaged in some form of sexual activity; and (3) the individual engaged in said sexual activity with the victim. Applying this to Plaintiff, it cannot be said that the offense for which Plaintiff was convicted involved "sexual conduct."

Nowhere in the parties' briefing or in the underlying criminal conviction though is it shown that Plaintiff had sex with the victim; only that he transported the victim for her to then have sex with others. Further, nowhere in the sources relied upon by the parties or the Court is it suggested that the act of "transporting" is sexual per se. To suggest otherwise would, in earnest, be nonsensical.[6] Finally, the underlying offense does not actually require sexual activity to occur, only that the convicted transporter *intend* for such activity to take place. Where Congress

---

[6] To put it differently, one would not conclude that a contractor, through the act of constructing a brothel, engages in sexual conduct, even if sexual activity was to occur within the brothel. If the contractor does not engage in a sexual act himself—that is, an act of intercourse, his conduct cannot be sexual.

explicitly requires that the offense "involve consensual sexual conduct," and the defendant was convicted for an offense where there ultimately was no sexual activity taking place, it seems illogical to conclude that the exception would apply.

To rectify this issue, Plaintiff asserts that "conduct" should be read broadly. [DE 28 at 18:21–22]. Plaintiff argues that sexual conduct is not a specific act but is instead more encompassing, and that the "conduct of transporting somebody for purposes of prostitution, prostitution being sexual in nature, . . . would fall under the exception of sexual conduct." [*Id.* at 19:9–16; *see also id.* at 20:18–20 ("I do not believe . . . that Congress intended that conduct only be limited to an act, a sexual act of rape, of intercourse, of sodomy, of deviate conduct. I believe it is more encompassing than that.")]. But no citations supporting such an interpretation, however, have been offered to the Court. Nor is it clear for the reasons discussed above that Congress intended for "conduct" to be read as broadly as Plaintiff asserts. For an act to be "sexual" within the confines of its plain and ordinary meaning, it must in some way involve sexual intercourse, whether verbally, sensually, or physically.[7] Thus, to read "conduct" in the

---

[7] Congress did not define "sexual conduct," so the Court may look to extrinsic sources for guidance in determining the term's plain and ordinary meaning. *See United States v. Johnson*, 47 F.4th 535, 543 (7th Cir. 2022) (noting that courts often look to dictionary definitions and supporting or analogous statutory provisions when interpreting an undefined term). General dictionaries define "sexual" as "having or involving sex." *Sexual*, MERRIAM-WEBSTER, SEXUAL Definition & Meaning - Merriam-Webster (last visited Dec. 15, 2025); *see also Sexual*, DICTIONARY.COM, SEXUAL Definition & Meaning | Dictionary.com (defining "sexual" as "of, relating to, or for sex") (last visited Dec. 15, 2025). "Conduct" is generally defined as an action or way of acting. *See Conduct*, MERRIAM-WEBSTER, CONDUCT Definition & Meaning - Merriam-Webster (defining "conduct" as "an act or omission to act") (last visited Dec. 15, 2025); *Conduct*, DICTIONARY.COM, CONDUCT Definition & Meaning | Dictionary.com (defining "conduct" as "personal behavior; way of acting; bearing or deportment") (last visited Dec. 15, 2025). Thus, when taken together, "sexual conduct" can be interpreted as the act of engaging in sexual intercourse or any verbal, sensual, or physical act or behavior involving sex. *Cf. Sexual Relations*, Black's Law Dictionary (12th ed. 2024) (defining "sexual relations" as "[s]exual intercourse" or "[p]hysical sexual activity that does not necessarily culminate in intercourse . . . usu[ally] involve[s] the touching of another's breast, vagina, penis, or anus"). Likewise, analogous statutory definitions lead to the same result. In further defining the first definition of a "sex offense" under Subsection (5)(A)(i), 18 U.S.C. § 2246(2) defines a "sexual act" as involving sexual intercourse with or penetration of the penis, vulva, genitals, or anus, whilst § 2246(3) defines "sexual contact" as "the intentional touching, either directly or through the clothing of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person . . . ." Finally, 18 U.S.C. § 2256(2)(A) defines the similarly worded phrase "sexually explicit conduct" as "(i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal . . . ; (ii) bestiality; [and] (iii) masturbation[.]"

broad and proximate manner that Plaintiff prescribes would inevitably downplay or outright eliminate the requirement that the ultimate act be "sexual." *See Berkos*, 543 F.3d at 396–97 (explaining that a statute should be read so as to avoid "render[ing] a word or phrase redundant or meaningless").

Plaintiff has therefore not demonstrated that he was convicted of an offense "involving consensual sexual conduct," *see* § 20911(5)(C), nor has he shown that he qualifies for an exception to an otherwise registrable "sex offense" as defined by Subsection (A). Accordingly, Plaintiff's claim for declaratory relief that he need not register as a sex offender fails as a matter of law. Judgment on the pleadings in favor of Defendant is therefore warranted.[8]

### CONCLUSION

For all of these reasons, the Court **GRANTS** Defendant's Motion for Judgment on the Pleadings [DE 14] and **DENIES** Plaintiff's request to convert Defendant's Motion into a motion for summary judgment [DE 21, 24]. The Court hereby ORDERS immediately and moving forward, Plaintiff **COMPLY** with SORNA's sex-offender registration requirements.

SO ORDERED.

ENTERED: December 15, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court

---

[8] Because the Court finds that Plaintiff was convicted of a qualifying sex offense under Subsection (5)(A)(iii) and is not otherwise exempt from registration under § 20911(5)(C), the Court need not address Defendant's alternative argument that Plaintiff be required to register under Indiana state law. [*See* DE 15 at 20].

AO 450 (Rev. 11/11)  Judgment in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MONTELL WILLIAMS | ) |
| | ) Civil Action No. 2:25-cv-108 |
| Plaintiff | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| LLOYD ARNOLD | ) |
| *in his official Capacity as Commissioner of Indiana* | ) |
| *Department of corrections* | ) |
| | ) |
| Defendant | ) |

## JUDGMENT IN A CIVIL ACTION

The court has ordered that (*check one*):

☐ the plaintiff _____recover from the defendant _____
the amount of _____ dollars ($_____), which includes prejudgment
interest at the rate of _____%, plus post-judgment interest at the rate of
_____ % per annum, along with costs.

☐ the plaintiff recover nothing, the action be dismissed on the merits, and the defendant_____
recover costs from the plaintiff _____.

**X** other: <u>JUDGMENT IS ENTERED in favor of Defendant Lloyd Arnold and against the Plaintiff, Montell</u>
<u>Williams.</u> _____

This action was (*check one*):

☐ tried by a jury with Judge _____ presiding, and the jury has rendered a verdict.

☐ tried by Judge _____ without a jury and the above decision was reached.

**X** decided by Judge <u>Gretchen S. Lund on Defendant's Motion for Judgment on the Pleadings.</u>

DATE:_ <u>12/17/2025</u>_____

*Chanda J. Berta, Clerk of Court*

by___<u>s/J. Barboza</u>_____
*Signature of Clerk or Deputy Clerk*